UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x
LAUREN TRIPP individually and on behalf of
all others similarly situated,

                        Case No.:

        Plaintiff,

  v.

UNITED AIRLINES, INC.,

        Defendant.
-----------------------------------------------------------x

## CLASS ACTION COMPLAINT

1.    Plaintiff Lauren Tripp brings this action on behalf of herself and all similarly situated current and former Flight Attendants for United Airlines, Inc. who were based out of an airport in New Jersey, including the Newark Liberty International Airport in Newark, New (the "Class") against Defendant United Airlines, Inc. ("United") for (1) failure to timely pay earned hourly wages semi-monthly in violation of the New Jersey Wage Payment Law ("NJWPL") N.J. Stat. Ann. § 34:11-4.1 *et seq.*, and (2) failure to provide accurate wage statements in violation of the NJWPL, N.J. Stat. Ann, §34:11-4.6, during the applicable statute of limitations periods prior to the date of the filing of this action (the "Class Period"). At all times relevant, Plaintiff and the other United Flight Attendants are and have been hourly paid workers.

**Frequency of Pay Violations**
**NJWPL, N.J. Stat. Ann. § 34:11-4.1 *et seq*.**

2.    The NJWPL, N.J. Stat. Ann. § 34:11-4.1 et seq., requires the "employer shall pay the full amount of wages due to his employees at least twice during each calendar month." *Id.* § 34:11-4.2. No employer may withhold or divert any portion of an employee's

1

wages other than as may be specifically permitted by statute. Hourly wages are earned when the work is performed. Payment of earned wages is required not more than ten working days after the end of the pay period. Any employment agreement which violates the NJWPL is null and void.

3. During the Class Period, United has not paid Plaintiff and its other flight attendants based in New Jersey, including at the Newark International Airport, their total earned wages semi-monthly and has not paid the earned wages within ten days of the end of the pay period as required by New Jersey law.

4. Instead, United's pay system issues one paycheck on the first of each month for the first half of the prior month, comprised of a "Flight Advance," rather than payment of wages actually earned, and a second paycheck on the 15th of the month which adjusts the "Flight Advance," (*i.e.*, a clean-up pay) and which purportedly provides payment for work performed during the entire prior month which exceeds the hours covered by the advance. Payment of actual wages earned is thus made, at best, only once per month and payment is received 15 to 30 days following the end of the applicable pay periods.

5. The first wage statement provided each month does not reflect the actual hours worked and applicable rates of pay, but simply reflects what United calls a "Flight Advance." There is no applicable rate of pay or hours worked reflected on the wage statement corresponding to the "Flight Advance."

6. The second wage statement provided each month, covering the entire prior month, shows regular pay, per diem pay, and a "Flight Advance" clean up pay – a number which is either positive or negative and allegedly attempts to correct for over payment or under payment of actual hours worked caused by the "Flight Advance" made during the first

half of the month. The United wage statement covering the entire prior month also fails to list the applicable hourly rates and the hours worked.

7. Payment for the first two weeks of each month is made by the first of the following month (or 15 days after the end of the pay period), while payment for the entire month occurs by the 15th of the following month (or 30 days after the end of the pay period for work performed during the first half of the prior month).

8. In effect, United allegedly pays its Flight Attendants, who are hourly employees, their actual earned wages only once a month and makes payment 15 to 30 days after the close of the pay period in which the work was performed.

9. Moreover, as alleged below in greater detail, because none of the United wage statements provide the actual number of hours worked and the applicable hourly rates of pay, it is not possible for Plaintiff and the other United Flight Attendants to know whether they have been properly paid. Without this legally required information, Plaintiff and the other United Flight Attendants have been denied the opportunity to identify errors in pay as well as the opportunity to advocate for correct pay.

**Wage Statement Violations**
**NJWPL, N.J. Stat. Ann, §34:11-4.6**

6. The NJWPL, N.J. Stat. Ann, §34:11-4.6 requires each wage statement to provide, *inter alia*, the rate of pay and the number of hours worked by the employee during that pay period:

> Every employer shall: . . . (c) Furnish each employee with a statement of deductions made from his wages in accordance with section 4 of P.L. 1965. C. 173 (C 34:11-4.4) for each pay period those deductions are made. Every employer with 10 or more employees, including public employees, shall include in that statement: 1. the employee's gross wages; 2. The employee's net wages; 3. the employee's rate of

pay; and 4. If relevant to the wage calculation, the number of hours worked by the employee during the pay period.

7. New Jersey amended the NJWPL to require that employers provide employees with wage statements containing the information set forth in § 34:11-4.6c(1)-(4) on January 21, 2020, and effective May 20, 2020. *See* N.J.S.A. § 34:11-4.6c. Prior to the amendment, the NJWPL required the employer to "[f]urnish each employee with a statement of deductions made from his wages[.]" *Id*.

8. The NJWPL provides protection for employees against wage theft by, *inter alia*, not allowing employers to delay or 'float' wages when due, as well as enabling employees to determine from a review of their wage statement whether they have been properly paid at the correct hourly rate for the actual hours worked during the applicable pay period. The statutes thus relieve the employees of any need to retrieve, maintain, and examine records outside the four corners of their wage statements, such as time punch records, schedules, and other records in the possession of the employer, or to maintain separate manual logs of their work activities themselves to determine whether or not their gross pay is accurate.

9. If, as here, an hourly paid employee receives only a single-number "Flight Advance" in a pay period reflecting only part of their earned wages in a pay period, instead of a wage statement which specifies the actual hours worked in that pay period and the rates at which he or she is being paid, it is not possible for an employee to determine how many hours or which type of hours s/he is being paid for, nor the rate being paid for those hours. The employee also has no way to tell if the payment is commensurate with the work actually performed during that pay period.

10. Similarly, on each United wage statement for Flight Attendants which includes

"Regular Pay" and "Per Diem Pay", in addition to the "Flight Advance," there is no applicable rate of pay or number of hours worked provided on the wage statement. This further prevents the employee from determining whether the payment is commensurate with the work actually performed during that pay period.

11. The statutory protections of the N.J. Stat. Ann, §34:11-4.6 are especially important for hourly paid Flight Attendants of United due to the complexity of its pay system with multiple hourly rates applicable to various types of work. However, as described below, United fails to comply with the requirements of Section 195(3) and N.J. Stat. Ann, §34:11-4.6, thus making it impossible for Flight Attendants to ascertain whether they have been paid the correct rate for the correct number of hours worked and for all of the work actually performed in each pay period.

12. Instead, in alternate pay periods Plaintiff and the other United Flight Attendants merely receive payment for a "Flight Advance," regardless of the number of hours actually worked. In the following pay period, they receive an adjustment in the previously estimated advance given to the Flight Attendants at the end of the preceding pay period, plus single line dollar amount entries for Regular Pay and Per Diem Pay, but without the applicable rate and hours.

13. In all pay periods, United fails to provide the rate of pay and the hours worked on the wage statements resulting in United's wage statements being non-compliant in every pay period. Because the actual hours worked and the applicable rates of pay are not provided, the wage statements are confusing and not comprehensible for Plaintiff and other United Flight Attendants. It is thus impossible for Plaintiff and other United Flight Attendants to verify the accuracy of their pay in any pay period from the wage statements. This is further

complicated by the fact the United uses many types of hourly rates in addition to the Flight Attendant's base hourly rate of pay. Thus, the Flight Attendant may be entitled to additional pay in excess of the base hourly rate depending on the type of aircraft flown, whether flights are international or domestic, the Flight Attendant's status on board as lead or otherwise, and numerous other types of factors.

14. Because the United wage statements are non-compliant and lack basic information on rates of pay and hours worked, Plaintiff and other United Flight Attendants are therefore denied the opportunity to timely demand United correct payroll errors. United's wage statement system thus injures hourly paid employees like Plaintiff and the other Flight Attendants by depriving them of explicit rights conferred by New Jersey law. They are unable to verify if their pay in any pay period is accurate, and if needed, seek corrections, because United does not provide actual hours worked and applicable hourly rates on their wage statements. At this juncture, Plaintiff does not know why United uses its particular wage statement system, as wage statement systems compliant with New Jersey law are in use in the airline industry.

## PARTIES

15. Plaintiff Lauren Tripp is a resident of Texas. From October 2018 until November 2022, Plaintiff Tripp worked as a Flight Attendant for United in the Newark Liberty Airport in Newark, New Jersey, at United's direction on United flights that originate and terminated in New Jersey. She is a citizen and resident of Texas. As a Flight Attendant for United, Plaintiff Tripp was an hourly paid worker. Her base rate of pay in 2022 was approximately $67.11 per hour. Plaintiff Tripp regularly worked over 40 hours a week for United, well in excess of the hours covered by the "Flight Advance" payment.

16. Defendant United Airlines, Inc. ("United") is a Delaware corporation with its headquarters located at Willis Tower, 233 South Wacker Drive, Chicago, Illinois. United provides retail air transportation in New Jersey and on a national and international basis. United employs Flight Attendants at airport locations in New Jersey, including Newark International Airport.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction under the Class Action Fairness Act, Pub. L. 109-2, because the amount in controversy exceeds $5 million in the aggregate, diversity exists between Plaintiff and the Defendant, and there are at least one hundred members of the Class. 28 U.S.C. § 1332(d)(2), (6).

18. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in New Jersey.

19. Venue is properly before this Court pursuant to 28 U.S.C. §1391(b)(2) as Defendant transacts business and may be found in this District, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## STATEMENT OF FACTS

20. During the relevant time period, Plaintiff and other Flight Attendants have been employed by United within the meaning of the New Jersey Wage Payment Law.

21. From 2018 to 2022, Plaintiff Tripp was employed by United as a nonexempt, hourly paid Flight Attendant and was based out of United's Newark terminal and worked exclusively from the Newark Liberty International Airport in Newark, New Jersey.

22. As a Flight Attendant, Plaintiff's duties included, *inter alia*, assisting with the boarding of the aircraft, providing beverage and/or food service during flight, providing

customer service, including, but not limited to, assistance with luggage, providing blankets, pillows and ear phones, cleaning and collecting trash on the plane, collaborating with the cockpit regarding flight status, providing leadership during flight irregularities, communicating with gate agents and ensuring the safety of the passengers. The majority of Plaintiff's and the other Flight Attendant's job is comprised of routine mental and physical work which strictly follows standard operating procedures and protocol.

23.   Plaintiff was required to clock in an hour prior to their first flight of the day for domestic flights and an hour and fifteen minutes prior for international flights. Plaintiff received a certain stipend for this pre-flight wait time. Plaintiff was not paid her regular rate of pay until the doors close on the plane prior to take off.

24.   Once the plane lands and arrives at the gate, the regular rate of pay time clock stops. Plaintiff, however, would still be working and required to wait for passengers to exit the plane and provide assistance to passengers as needed during this time. This process may take up to thirty (30) minutes. Plaintiff and the other Flight Attendants were not compensated for this time.

25.   When Plaintiff and other Flight Attendants are required to remain at the arrival destination for a layover, they are not compensated for their time spent traveling to and from the airport to their temporary accommodations. Plaintiff and the other Flight Attendants are compensated at a different rate per hour for layover time per diem, excluding commute time.

26.   The pay structure for Flight Attendants at United is complicated and comprised of numerous different potential additional hourly rates of pay (in addition to the regular or standard hourly rate), plus credits and reserves, which may be applied during the work week. For example, United Flight Attendants may receive additional hourly compensation for

incentive pay, white flag pay, purple flag pay, drafting pay, drug/alcohol testing pay, Galley, pay, FSL and Purser Pay, International Override Pay, Language Qualified Pay, Language Inventive Pay, Night Pay, Reserve Override Pay, and Short Crew Pay.

27. The standard hourly rate of pay increases at United according to seniority.

28. As alleged above, United's pay system divides each month into two pay periods: from the beginning of the month until mid-month; and from the beginning of the month until month end. The wage statement for the beginning of the month includes a "Flight Advance" regardless of the actual hours worked, the type of work performed, and the applicable rates of pay.

29. The successive wage statement then purports to reflect payment for the entire month, including a "Flight Advance" clean up pay, which is either a positive or negative amount and attempts to correct the prior payment of the "Flight Advance" to correspond to actual hours worked. However, neither wage statement provides the rate(s) of pay and the number of hours worked, thus making it nearly impossible for Flight Attendants to ascertain whether their pay is accurate.

30. As a result of United's practice of paying Flight Attendants based on a "Flight Advance" without providing the actual hours worked and the applicable rates of pay, every wage statement issued by United to the Flight Attendants fails to reflect the actual hours worked with the applicable rates of pay for the stated pay period. Without listing the hours worked and the rates of pay, Plaintiff and other United Flight Attendants are unable to verify the accuracy of their pay and are unable to have United correct underpayment errors.

31. Plaintiff and the other Flight Attendants are not paid for all hours of work actually performed in the first half of the month until the 15th of the following month, which

is 30 days after the end of the pay period in which the work was performed. Additionally, Plaintiff and other Flight Attendants are not paid wages earned in the second half of the month until 15 days after the end of the pay period in which work for those wages has been performed. At all times, United fails to pay its Flight Attendants for work performed within the pay period within ten days of the end of their pay periods as required by New Jersey law.

32. Plaintiff and other United Flight Attendants have suffered injury in fact as a result of United's failure to provide wage statements which comply the N.J. Stat. Ann, §34:11-4.6. Plaintiff and other Flight Attendants suffer financial injury through actual underpayment in at least half their pay periods, as well as delayed wages in all their pay periods, and "downstream consequences" as a result of failing to receive the required wage statement information under the N.J. Stat. Ann, §34:11-4.6.

33. Unlike hourly paid workers who receive a standard and consistent hourly rate up to forty hours per week and overtime pay at one and a half times the standard hourly rate, the United Flight Attendants' hourly rate of pay varies from week to week and depends on numerous factors, including, but not limited to, the type of airliner, the route flown, whether the flight is domestic or international, hold time, layovers and other factors.

34. Because Plaintiff received wage statements reflecting "Flight Advances," rather than payment of all wages earned for all the hours actually worked during the pay period and the applicable rates of pay, Plaintiff cannot ascertain whether she was properly paid by United. Despite expenditure of effort and time, it remains unclear – if not impossible - for Plaintiff to determine whether she had been properly paid. Indeed, as a result of United's failure to provide necessary information on the Flight Attendants' wage statements as

required under the NJWPL, Plaintiff and the other Flight Attendants are unable to ascertain whether they have been properly paid for the actual work performed and hours worked, and if not, to timely advocate for proper pay.

35. As a result of United's violation of the NJWPL, it is impossible for Plaintiff and other Flight Attendants to ascertain whether the "Flight Advance" and other payments they are receiving in lieu of wages correctly reflect the amount of wages they have actually earned, and, therefore, they have no way to advocate for whatever the correct amount those wages may be. United's failure to provide accurate wage statements denied Plaintiff and other United Flight Attendants their statutory right to receive true and accurate information regarding their compensation and as a result, they were unable to determine the accuracy of their compensation and to correct underpayments.

36. In addition, Plaintiff and the other Flight Attendants have been denied the opportunity to access and use their earned wages in a timely manner, and/or earn interest income on their earned wages, because their earned wages are underpaid and not timely paid in alternate pay periods in which all wages were earned.

37. A representative copy of Plaintiff Tripp's United wage statements are attached hereto as Exhibit A.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

39. Plaintiff brings this action on behalf of herself, individually, and on behalf of a Class comprised of the following: All persons who have worked for United as a Flight

Attendant based at a New Jersey airport, including Newark International Airport, during the applicable statutory period prior to the filing of this action until the date a class is certified.

40. There are approximately 5,200 Flight Attendants, if not more, in the Class (the exact number will be in Defendant's records), and the Class is so numerous that joinder of all members is impracticable.

41. Defendant has engaged in the same conduct towards Plaintiff and the other members of the Class by: (a) failing to provide them with accurate Wage Statements which enable them to ascertain whether they have been properly paid for the total hours worked at the proper rates of pay as required by the NJWPL; and (b) failing to timely pay Plaintiff and the other members of the Class their earned hourly wages bi-monthly and within ten days of the end of the pay period, as required by New Jersey law.

42. The claims, defenses, and injuries of Plaintiff are typical of the claims, defenses, and injuries of the Class.

43. The injuries and damages to Plaintiff and the Class present questions of law and fact that are common to each member of the Class, and that are common to the Class as a whole.

44. Plaintiff will fully and adequately protect and represent the Class.

45. The identity of all members of the Class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant.

46. The prosecution of separate actions by each member of the Class would create a substantial risk of inconsistent or varying adjudications with regard to individual Class members and would establish incompatible standards of conduct for Defendant.

47. The maintenance of a Class action is the superior means of disposing of the common questions which predominate herein.

## COUNT ONE
## VIOLATION OF THE NJWPL:
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

48. Plaintiff Tripp incorporates the foregoing allegations as if fully set forth herein. Plaintiff brings this claim on behalf of herself and all United Flight Attendants who were based at an airport in New Jersey, including the Newark International Airport.

49. The NJWPL, N.J. Stat. Ann, §34:11-4.6 requires each wage statement to provide, *inter alia*, the rate of pay and the number of hours worked by the employee during that pay period:

> Every employer shall: . . . (c) Furnish each employee with a statement of deductions made from his wages in accordance with section 4 of P.L. 1965. C. 173 (C 34:11-4.4) for each pay period those deductions are made. Every employer with 10 or more employees, including public employees, shall include in that statement: 1. the employee's gross wages; 2. The employee's net wages; 3. the employee's rate of pay; and 4. If relevant to the wage calculation, the number of hours worked by the employee during the pay period.

50. New Jersey amended the NJWPL to require employers provide employees with wage statements containing the information set forth in § 34:11-4.6c(1)-(4) on January 21, 2020, to be effective May 20, 2020. *See* N.J.S.A. § 34:11-4.6c. Prior to the amendment, the NJWPL required the employer to "[f]urnish each employee with a statement of deductions made from his wages[.]" *Id*.

51. United has failed to supply Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by the NJWPL. Indeed, every wage statement received by Plaintiff and the other Flight Attendants reflects a "Flight Advance,"

rather than the actual hours worked and the applicable rates of pay and the basis thereof, for the stated pay period. Moreover, United has failed to provide each Flight Attendant with a statement of the hours earned and deducted or withheld from every alternating pay period.

52. Due to Defendant's violations of NJWPL, N.J.S.A. § 34:11-4, Plaintiff and the members of the Class are not reasonably able to determine during any pay period whether they have been paid the proper rate of pay for the number of hours actually worked. As a result, Plaintiff and the members of the Class have suffered actual damages, including, but not limited to, the loss of use of money by which these underpayments are less than the actual wages earned and due during these pay periods, the time and effort expended in the attempt to reconcile whether the advances reflect proper pay for the actual hours worked and various tasks performed at varying rates of pay, and the inability to identify errors in the wage statements, notify United of such errors, and have United correct wage underpayments. At bottom, it is impossible for Plaintiff and other United Flight Attendants to verify the accuracy of their wage statements because the wage statements contain neither the actual hours worked nor their rates of pay.

53. Plaintiff and the Class also are entitled to statutory penalties for United's violations of N.J.S.A. § 34:11-4.

## COUNT TWO
## VIOLATION OF THE NJWPL:
## FAILURE TO PAY EARNED WAGES SEMI-MONTHLY

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein. Plaintiff brings this claim on behalf of herself and the Class comprised of all United Flight Attendants who were based at an airport in New Jersey, including Newark International Airport.

55. The NJWPL, N.J. Stat. Ann. § 34:11-4.1 et seq., requires the "employer shall pay the full amount of wages due to his employees at least twice during each calendar month," *id.* § 34:11-4.2. No employer may withhold or divert any portion of an employee's wages other than as may be specifically permitted by statute. Hourly wages are earned when the work is performed. Payment of earned wages is required not more than ten working days after the end of the pay period. Any employment agreement which violates the NJWPL is null and void.

56. Defendant's pay schedules, which underpay Flight Attendants for work performed during the first half of the month then allegedly attempt to pay all wages in the second half of the month for actual labor performed during both halves of the month, violate NJWPL, N.J. Stat. Ann. § 34:11-4.1 et seq.

57. Moreover, Defendant has failed to pay Plaintiff and the other Flight Attendants within ten days of the end of the pay period as required by NJWPL, N.J. Stat. Ann. § 34:11-4.1 et seq.

58. Defendant's practice resulted in Plaintiff and the Class not receiving timely payment of earned wages for labor performed for the benefit of Defendant in compliance with New Jersey law.

59. Plaintiff and the Class have suffered actual damages, including but not limited lost interest and/or other earnings on the unpaid and/or untimely paid earned wages, and are also entitled to statutory damages of up to 200% of the unpaid and/or untimely paid wages as a result of Defendant's violations of NJWPL, N.J. Stat. Ann. § 34:11-4.1 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests this Court grant the following relief:

 A. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

 B. Designation of Plaintiff as the representative of the Rule 23 Class and counsel of record as Class Counsel;

 C. Actual damages to be determined at trial;

 D. Injunctive relief, including, but not limited to, requiring United to provide accurate wage statements in compliance with the NJWPL.

 E. Statutory penalties and liquidated damages under the NJWPL;

 F. Prejudgment and post-judgment interest at the legal rate;

 G. Reasonable attorney's fees and costs of the action; and

 H. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: September 12, 2025

        GISKAN SOLOTAROFF & ANDERSON LLP

        /s/ *Catherine E. Anderson*
        Catherine E. Anderson
        (NJ Bar 007251996)
        canderson@gslawny.com
        1 Rockefeller Plaza, 8th Floor
        New York, New York 10020
        (212) 847-8315

David R. Markham, Esq.
(Pro Hac Vice Pending)
dmarkham@markham-law.com
**THE MARKHAM LAW FIRM**
888 Prospect St., Suite 200
La Jolla, California 92037
Tel: (619) 399-3995

Ian Pancer, Esq. (Pro Hac Vice Pending**)**
ian@sandiegolegal.net
**THE LAW OFFICE OF IAN PANCER**
105 West F St. #400
San Diego, CA. 92101
Tel: (619) 955-6644
Fax: (619) 374-7410

*Counsel for Plaintiff and the Class*

# EXHIBIT A

8:57



| United Airlines Inc.<br>16th Floor - HSCPZ<br>609 Main Street<br>Houston, TX 77002<br>Ph: 877/825-3729 | Pay Group: SMF-Semimonthly FB<br>Attendants<br>Pay Begin Date: 01/30/2022<br>Pay End Date: 03/01/2022 | UNITED<br>Thanks for all you do for United ! | Advice #: 00000020962269<br>Advice Date: 03/16/2022 | |
|---|---|---|---|---|
| Lauren Kay Tripp<br>323 Madison Oaks Avenue<br>Georgetown, TX 78626 | Employee ID: 036995<br>Department: 7136-INFLIGHT ASSIGNMENT-EWR<br>Location: Newark, New Jersey<br>Job Title: Flight Attendant - Domestic | | TAX DATA:<br>Marital Status:<br>Allowances:<br>Percent:<br>Addl. Amt: | Federal     TX State<br>Single        N/A<br>1              0<br>0<br>0 |

### HOURS AND EARNINGS

| Description | Rate | Hours WKD | Oth Hours | Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|---|
| Regular Pay | | | | 5,557.97 | | 15,336.73 |
| Flight Advance | | | | -5,116.17 | | 0.00 |
| Imputed Income LTD | | | | 8.96 | | 51.88 |
| Per Diem Pay Non Taxable | | | | 542.17 | | 1,209.66 |
| Imputed Income - Travel | | | | 0.00 | | 178.00 |
| **TOTAL:** | | 0.00 | 0.00 | 5,763.82 | 0.00 | 16,595.62 |

* Denotes Excluded From Earnings Total

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholding | 676.97 | 1,562.39 |
| Fed MED/EE | 74.51 | 217.97 |
| Fed OASDI/EE | 318.59 | 931.57 |
| NJ Unempl EE | 29.02 | 94.54 |
| NJ SIT/HOSF | 9.20 | 0.00 |
| NJ NJ WD/F | 1.30 | 3.89 |
| NJ NJ SWAF | 0.92 | 2.73 |
| NJ FLI/EE | 7.32 | 21.84 |
| NJ OASDI/EE | 2.32 | 21.81 |
| **TOTAL:** | 1,106.03 | 2,821.65 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| 401(k) Deferral | 919.81 | 2,732.82 |
| Dental - Pre Tax | 1.25 | 9.30 |
| Medical - Pre Tax | 59.01 | 328.06 |
| Vision Care Pre Tax | 2.49 | 18.94 |
| **TOTAL:** | 1,031.96 | 3,295.12 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| 401(k) Deferral | 313.30 | 927.14 |
| AFA Dues | 50.00 | 150.00 |
| GUL - Employee Post Tax | 152.07 | 456.21 |
| LTD - Post Tax | 5.96 | 35.68 |
| Flight Attendant PAC | 2.50 | 13.06 |
| YourCause Charity | 5.00 | 30.00 |
| Travel - Dom Part Emil Friend | 0.00 | 41.27 |
| Link 2 MAP Pay Deduction | 0.00 | 24.00 |
| **TOTAL:** | 528.85 | 1,675.00 |

### EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| **TOTAL:** | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 5,763.82 | 4,198.72 | 1,106.03 | 1,560.81 | 3,097.03 |
| YTD | 16,595.62 | 12,292.54 | 2,821.65 | 4,960.12 | 8,803.85 |

### NET PAY DISTRIBUTION

| Payment Type | Account Type | Account Number | Deposit Amount |
|---|---|---|---|
| Advice #00000020962269 | Checking | xxxx3793 | $400.00 |
| | Checking | xxxx0901 | $2,697.03 |
| **TOTAL:** | | | $3,097.03 |

NON-NEGOTIABLE

| United Airlines Inc.<br>16th Floor – HSCPZ<br>609 Main Street<br>Houston, TX 77002<br>Ph: 877/825-3729 | Pay Group: SMF-Semimonthly Flt Attendants<br>Pay Begin Date: 03/02/2022<br>Pay End Date: 03/15/2022 | **UNITED**<br>Thanks for all you do for United ! | Advice #: 000000021053230<br>Advice Date: 04/01/2022 | | |
|---|---|---|---|---|---|
| | | | TAX DATA: | Federal | TX State |
| Lauren Kay Tripp<br>323 Madison Oaks Avenue<br>Georgetown, TX 78626 | Employee ID: 036995<br>Department: 7136-INFLIGHT ASSIGNMENT-EWR<br>Location: Newark, New Jersey<br>Job Title: Flight Attendant – Domestic | | Marital Status:<br>Allowances:<br>Percent:<br>Addl. Amt: | Single<br>1<br>0<br>0 | N/A<br>0 |

### HOURS AND EARNINGS

| | | ----Current---- | | | ----YTD---- | |
|---|---|---|---|---|---|---|
| Description | Rate | Hours WKD | Oth Hours | Earnings | Hours | Earnings |
| Flight Advance | | | | 3,335.37 | | 3,335.37 |
| * Imputed Income LTD | | | | 8.98 | | 62.86 |
| Regular Pay | | | | 0.00 | | 15,385.75 |
| * Imputed Income – Travel | | | | 0.00 | | 138.00 |
| Per Diem Pay Non Taxable | | | | 0.00 | | 1,199.86 |
| **TOTAL:** | | 0.00 | 0.00 | 3,335.37 | 0.00 | 19,920.98 |

* Denotes Excluded From Earnings Total

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 330.65 | 1,893.04 |
| Fed MED/EE | 47.16 | 265.03 |
| Fed OASDI/EE | 201.64 | 1,133.21 |
| NJ Unempl EE | 12.80 | 72.38 |
| NJ NJ HCSF | 0.00 | 0.00 |
| NJ NJ WDPF | 0.84 | 4.73 |
| NJ NJ SWAF | 0.58 | 3.31 |
| NJ FLI/EE | 4.68 | 26.49 |
| NJ OASDI/EE | 4.68 | 26.49 |
| **TOTAL:** | 603.03 | 3,424.68 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| 401(k) Deferral | 600.37 | 3,333.19 |
| Dental – Pre Tax | 1.55 | 10.85 |
| Medical – Pre Tax | 88.01 | 616.07 |
| Vision Care Pre Tax | 2.49 | 17.43 |
| **TOTAL:** | 692.42 | 3,977.54 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| 401(k) Deferral | 200.12 | 1,123.26 |
| LTD – Post Tax | 5.98 | 41.86 |
| Flight Attendant PAC | 2.50 | 17.50 |
| YourCause Charity | 5.00 | 35.00 |
| AFA Dues | 0.00 | 150.00 |
| GUL – Employee Post Tax | 0.00 | 456.21 |
| Travel – Dom Part/Enrll Friend | 0.00 | 40.77 |
| Link / MAP Pay Deduction | 0.00 | 24.00 |
| **TOTAL:** | 213.60 | 1,888.60 |

### EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| **TOTAL:** | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current | 3,335.37 | 2,651.93 | 603.03 | 906.02 | 1,826.32 |
| YTD | 19,920.98 | 14,944.44 | 3,424.68 | 5,866.14 | 10,630.16 |

### NET PAY DISTRIBUTION

| Payment Type | Account Type | Account Number | Deposit Amount |
|---|---|---|---|
| Advice #000000021053230 | Checking | xxxx7795 | $400.00 |
| | Checking | xxxx0601 | $1,426.32 |
| **TOTAL:** | | | $1,826.32 |

## NON-NEGOTIABLE